Linda M. Lawson (Bar No. 77130)
LLawson@mmhllp.com
Frederic Esrailian (Bar No. 232799)
FEsrailian@mmhllp.com
MESERVE, MUMPER & HUGHES LLP
300 South Grand Avenue, 24th Floor
Los Angeles, California 90071-3185
Telephone: (213) 620-0300
Facsimile: (213) 625-1930

Cary E. Hiltgen (OBA #4219)
cehiltgen@hiltgenbrewer.com
Jeff C. Grotta (OBA #15774)
jcgrotta@hiltgenbrewer.com
HILTGEN & BREWER, P.C.
One Benham Place, Suite 800
9400 North Broadway Extension
Oklahoma City, OK 73114
(405) 605-9000 (Phone)
(405) 605-9010 (Fax)

Attorneys for Defendants
TEREX CRANES WILMINGTON, INC. and
KOEHRING CRANES, INC. dba TEREX
CRANES-WAVERLY OPERATIONS

E-FILED 07/15/09

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON CRANE COMPANY, LLC, a California limited liability company,<br><br>    Plaintiffs,<br><br>    vs.<br><br>TEREX CRANES WILMINGTON, INC., a North Carolina Corporation, and KOEHRING CRANES, INC., dba TEREX CRANES-WAVERLY OPERATIONS, a Delaware Corporation,<br><br>    Defendants. | Case No. CV 08-8525 PSG (PJWx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER GOVERNING PRODUCTION OR OTHER DISCOVERY OF CONFIDENTIAL INFORMATION |

**IT IS HEREBY ORDERED** that,

This Confidentiality Order (the "Order") shall govern the designation and handling of documents, records, or information containing or concerning confidential or proprietary non-public, commercial, financial, trade secret and/or private information produced in this lawsuit, whether produced by COLTON CRANE COMPANY, LLC (hereinafter "Plaintiff"), TEREX CRANES WILMINGTON, INC. and KOEHRING CRANES, INC. dba TEREX CRANES-WAVERLY OPERATIONS (hereinafter "Defendants"), or by third parties.

The following definitions shall apply in this Stipulation:

A. "Party" shall mean a party to this action;

B. "Confidential Information" shall mean any trade secrets, confidential commercial or financial information not previously made available to the public which any Party contends is subject to protection pursuant to the Stipulation and this Order, including, but not limited to:

    1. Information or Documents or individual pages thereof (and the information contained therein) that are designated as "Confidential" by any Party or that reveal a trade secret or other confidential research, development, or commercial or proprietary information of any Party; and

    2. All information in Documents made available by any Party for review by a Receiving Party prior to copying and production. Copies of Documents produced to a Receiving Party shall be designated as described in paragraph II;

C. "Documents" as used herein shall mean written records and other tangible or graphic material or things that are discoverable pursuant to Rule 34 of the Federal Rules of Civil Procedure.

1      D.    "Receiving Party" shall mean a Party to this action to whom Documents and/or information containing Confidential Information are Disclosed; and

     E.    "Disclose" shall mean to reveal, provide, describe, or make known Confidential Information to any person..

     F.    "Disclosing Party" shall mean a Party or any other person or entity producing Documents, information or other materials in this action, who Discloses any information or Document containing Confidential Information.

     G.    "Authorized Personnel" of a Party means managers, directors, members or other employees whose access to Confidential Information is required to evaluate the case or prepare the case for trial.

II.    A Disclosing Party shall stamp "Confidential" on all copies of Documents that they deem to contain Confidential Information. The claim of confidentiality shall be made at the time the Documents are produced. When any Document is designated "Confidential" pursuant to the Stipulation and this Order, any Party utilizing such Document shall also stamp "Confidential" to the cover of any such Document and to any page therein containing Confidential Information. In the event that a Disclosing Party should inadvertently fail to designate Confidential Information as "Confidential," within ten (10) days of discovery of the failure to designate that information "Confidential" the Disclosing Party may designate such information as "Confidential," and the information shall be considered Confidential Information from that day forward. Deposition testimony or any portion thereof may be designated

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

0.0

3

[PROPOSED] PROTECTIVE ORDER

    Confidential Information on the record at the deposition or in a letter to all counsel sent within twenty (20) days after receipt of the deposition transcript. Until this twenty-day period expires, all deposition testimony shall be considered Confidential Information. Those pages of Interrogatory responses with answers containing Confidential Information shall be separated from other interrogatory answers with a page break, and those pages containing Confidential Information shall be marked "Confidential."

III. Confidential Information shall be used only for the purposes of this action, and preparation for trial; Confidential Information shall not be used for any other purpose, including other litigation, . and shall be treated as Confidential by all Parties for purposes of, and pursuant to, the Stipulation and this Order.

    A. Except as otherwise provided herein, Confidential Information may be Disclosed by the Receiving Party only to:

        1. "Authorized Personnel" of the Receiving Party, which means Parties and employees, officers, agents, directors and former employees of such Parties who have a reasonable need to review the information in connection with the action;

        2. Counsel or co-counsel for or with the Receiving Party;

        3. Partners or regular employees of such counsel, including secretaries, paralegals, law clerks and associate attorneys;

        4. Any witness or potential witness other than

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

0.0

4

[PROPOSED] PROTECTIVE ORDER

1   Authorized Personnel for the purpose of conducting
2   an examination of such witness during a trial or
3   deposition or for the purpose of preparing such
4   witness for the trial examination or deposition or
5   interviewing such witness or potential witness, but
6   only to the extent necessary that such witness or
7   potential witness has a reasonable need to know or
8   to review such matters, subject to the conditions set
9   forth in paragraph III(B), infra;

10  5.  The Court and any employees thereof, and
11      Stenographic reporters who are involved in
12      depositions, at trial or any hearing or proceeding
13      before the Court in the action.;

14  6.  Any expert or consultant retained or consulted by a
15      Party for the purpose of obtaining the advice of such
16      expert or consultant or opinion on any issue in the
17      litigation, but only to the extent necessary for the
18      expert or consultant to provide such advice or
19      opinion and subject to the conditions set forth in
20      paragraph III(B), infra.

21  B.  Before disclosing Confidential Information to any
22      person pursuant to paragraph III (A)(4) or (A)(6),
23      supra, the Receiving Party shall ensure that such
24      person receiving the Confidential Information has
25      been provided a copy of the Stipulation and this
26      Order, and such person has received and executed a
27      copy of the Agreement to Maintain Confidentiality,
28      attached hereto as Exhibit A.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

0.0

5

[PROPOSED] PROTECTIVE ORDER

C. Any person to whom Confidential Information is Disclosed by the Receiving Party, or person who obtains such Confidential Information from the Receiving Party, shall be bound by the provisions of the Stipulation and Order and is subject to all appropriate sanctions and remedies for any violation thereof. All executed Exhibit "A" forms shall be retained by the Receiving Party (or that Party's counsel) who disclosed or provided Confidential Information.

D. If the Disclosing Party has reason to believe that individuals other than those authorized by paragraph III(A) of the Stipulation and this Order has improperly acquired or learned of Confidential Information from the Receiving Party, the Receiving Party, upon receipt of a written demand from a Disclosing Party, shall reveal whether or not Confidential Information has been Disclosed to any such individuals. Such request may only be made upon a good faith belief that Confidential Information has been improperly received, and the Disclosing Party who believes that Confidential Information has been improperly disclosed shall set forth the reasons for such belief in its request.

E. A Receiving Party shall not be obligated to challenge the proprietary of a designation of Confidential Information at the time that such designation is made. Should a Receiving Party disagree, at any stage of this action, with a designation of Documents or information as "Confidential," the designation may be challenged as

      follows.  First, the Receiving Party disputing the designation shall try to resolve such dispute informally by conferring with the Disclosing Party. If the dispute is not resolved informally, the Receiving Party shall identify the disputed designations in writing to trial counsel for the Disclosing Party.  The Disclosing Party shall have ten (10) days (excluding Saturdays, Sundays, and holidays) from receipt of this notice to respond in writing.  If the Disclosing Party responds that such challenged Documents do, or information does, contain Confidential Information, the dispute may be presented by motion to the Court by the Receiving Party within thirty (30) days of the receipt of the written response in the event that such motion is made, the information or Document shall be submitted to the Court under seal for the Court's review and the terms of the Stipulation and this Order shall continue to apply to such information or Document until the Court rules on the motion.  Before the Court, the Disclosing Party shall have the burden of proving that such Documents or information contain Confidential Information.

F. All Documents or information designated "Confidential" shall retain that designation and shall remain subject to the terms of the Stipulation and this Order unless the Court decides that challenged Documents or information shall not be covered by the terms of the Stipulation and this Order and any and all proceedings and appeals challenging such decision shall have been concluded. The Stipulation and this Order shall not affect any Party's right

|   |   |   |
|---|---|---|
| 1 |   | to request leave of Court to be relieved of the Stipulation |
| 2 |   | and this Order for any reason. |
| 3 | G. | Review of the Documents and Confidential Information by counsel, experts, or consultants for the litigants in the action shall not waive the confidentiality of the Documents or objections to production. |
| 7 | H. | The inadvertent, unintentional, or in camera disclosure of Confidential Information shall not be deemed a waiver, in whole or in part, of any claims of confidentiality. |
| 10 | IV. | If a Receiving Party wants to use any Confidential Information in any affidavits, briefs, memoranda of law, or other papers filed in this Court in this action, the papers containing such information shall be filed in compliance with the Court's rules for electronic filing of documents under seal. |
| 15 | V. | The production of documents for inspection and note-taking shall not waive the Disclosing Party's rights to claim in this lawsuit or hereafter that said Documents and/or any information, materials or other items included therein are confidential, privileged or otherwise nondiscoverable. |
| 20 | VI. | All Confidential Information taken by whomever and in whatever form, including all copies, shall be surrendered to the Disclosing Party or destroyed at the conclusion of the final proceedings in this action. |
| 24 | VII. | Nothing herein shall (a) prevent the Disclosing Party from disclosing any material they have produced to any other person or (b) otherwise restrict the use of such materials by the Disclosing Party. Such disclosure shall not be deemed to waive or otherwise modify the protection or confidentiality provided |

herein.

VIII. The Stipulation and this Order shall not enlarge or affect the proper scope of discovery in this action, nor shall the Stipulation and this Order imply that any Confidential Information is properly discoverable, relevant, or admissible in this action.

IX. Nothing shall prevent disclosure beyond that required under the Stipulation and this Order if the Disclosing Party consents in writing to such disclosure, or if the Court, after notice to all affected parties stipulates to such disclosure.

X. The Parties shall negotiate in good faith before filing any motion relating to the Stipulation and this Order. The Disclosing Party may waive the applicability of any provisions of the Stipulation and this Order as to any information, document or thing.

XI. Each person examining Confidential Information or to whom any of the contents thereof are disseminated hereby agrees to be subject to the jurisdiction of this Court, or in the event that this action is transferred to another venue, the Court for the venue to which this case is transferred, for appropriate proceedings in the event of any violation or alleged violation of the Stipulation and this Order.

XII. Counsel for the Receiving Party shall make a good-faith effort to comply with the provisions of the Stipulation and this Order. In the event of a change in counsel, in this action or any similar litigation, retiring counsel shall fully instruct new counsel of their responsibilities pursuant to the Stipulation and this Order.

XIII. The Parties hereto consent to the Stipulation and this Order being issued as a Stipulation of the Court.

XIV. The Parties hereto shall be entitled to rely and act upon and shall be bound by the Stipulation and this Order when it has been signed by the Parties hereto or their counsel, whether or not the Order has been signed by the Court.

XV. The terms of the Stipulation and this Order shall survive and remain in effect after the termination of this action and any related lawsuit.

XVI. A signature by facsimile has the same force and effect as an original signature.

Dated: 07/15/09            **PHILIP S. GUTIERREZ**
                           United States District Judge

# EXHIBIT A

## Agreement to Maintain Confidentiality

In consideration of Confidential Information being Disclosed to the undersigned recipient (the "Recipient"), the Recipient agrees as follows:

1. The Recipient represents and warrants that he/she has received a copy of the Stipulation and Order entered in Colton Crane, LLC v. Terex Cranes Wilmington, Inc. and Koehring Cranes, Inc. d/b/a Terex Cranes-Waverly Operations, Case No: CV 08-8525 PSG (PJWx), in the U.S. District Court for the Central District of California; and that the Recipient has read the Stipulation and Order, and specifically Section III relating to the use of the Confidential Information.

2. The Recipient represents and warrants that, upon receipt of Confidential Information, he/she will be bound by, and comply with, all provisions of the Stipulation and Order.

3. The Recipient agrees that, upon receipt of the Confidential Information, he/she is personally subject to the jurisdiction of the United States District Court for the Central District of California and further agrees that jurisdiction and venue for any action taken to enforce this Agreement is proper in the United States District Court for the Central District of California. This Agreement shall be governed by, and construed under, the laws of the State of California.

4. All capitalized terms in this Agreement shall have the same meaning as the same terms in the Stipulation and Order.

Dated: _____, 2009.

Recipient

_____

Name:
Print Name

Address:

_____

_____

Phone Number:

_____