O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

#64/66/75

| Case No. | CV 08-8525 PSG (PJWx) | Date | May 19, 2010 |
|---|---|---|---|
| Title | Colton Crane Company, LLC v. Terex Cranes Wilmington, Inc. *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):         Attorneys Present for Defendant(s):

Not Present                                              Not Present

**Proceedings:**     (In Chambers) Order DENYING Motions in Limine Nos. 1, 2, and 10

     Before the Court are Defendants' motions *in limine* nos. 1, 2, and 10.  The Court finds these matters appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to these motions, the Court DENIES the motions.

     Under appropriate circumstances, motions *in limine* may be used to exclude inadmissible or prejudicial evidence before it is actually offered.  *See Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L.Ed.2d 443 (1984).  The purpose is to avoid the futile attempt of "unring[ing] the bell" when jurors have seen or heard inadmissible evidence, even when stricken from the record.  *See Brodit v. Cambra,* 350 F.3d 985, 1004-05 (9th Cir. 2003) (citing *Kelly v. New West Fed. Sav.,* 49 Cal. App. 4th 659, 669 (1996)).  Motions *in limine* also serve to streamline trials, by settling evidentiary disputes in advance and by minimizing side-bar conferences and other disruptions at trial.  *See U.S. v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002). *In limine* procedure, moreover, may permit more thorough briefing and argument on evidentiary issues than would be likely during trial.  *See In re Japanese Electronic Products Antitrust Litigation*, 723 F.2d 238, 260 (3rd Cir. 1983), *rev'd on other grounds,* 745 U.S. 574, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986).  To serve these purposes effectively, however, motions *in limine* must identify the evidence at issue and state with specificity why such evidence is inadmissible. *See U.S. v. Cline*, 188 F. Supp. 2d 1287, 1292 (D. Kan. 2002).

     In fact, motions *in limine* should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial.  *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#64/66/75**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8525 PSG (PJWx) | Date | May 19, 2010 |
|---|---|---|---|
| Title | Colton Crane Company, LLC v. Terex Cranes Wilmington, Inc. *et al.* | | |

("A better practice is to deal with questions of admissibility of evidence as they arise."); *Wilkins v. Kmart Corp.,* 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007) ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence."). Nor are motions *in limine* an appropriate means to resolve factual disputes or weigh evidence. *See C & E Services, Inc., v. Ashland Inc.,* 539 F. Supp. 2d 316, 323 (D.D.C. 2008). In particular, motions *in limine* should not be used as disguised motions for summary judgment. *See Provident Life & Accident Ins. Co. V. Adie,* 176 F.R.D. 246, 250 (E.D. Mich. 1997). Additionally, matters of day-to-day trial logistics, common professional courtesy, and jury selection are not proper subjects of motions *in limine*. *See Kelly v. West Fed. Sav.*, 49 Cal. App. 4th 659, 671, 56 Cal. Rptr. 2d 803 (1996).

Here, the Court discerns that Defendants' motions *in limine* nos. 1, 2, and 10 are disguised motions for partial summary judgment. Accordingly, the motions are denied.

**IT IS SO ORDERED.**